UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv62159

KENICKAY PRENDERGAST,

    Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff KENICKAY PRENDERGAST ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant BCA FINANCIAL SERVICES, INC. ("Defendant"), to wit, for Defendant's violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act, 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**<u>NATURE OF ACTION</u>**

**I.    THE TELEPHONE CONSUMER PROTECTION ACT**

1.    The TCPA prohibits "any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio

service, or other radio common carrier service, or any service for which the called party is charged for the call ...." 47 U.S.C. § 227(b)(1)(A).

2. The TCPA defines "automatic telephone dialing system" or "ATDS" as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

3. The TCPA provides for a private right of action under which persons and entities may obtain injunctive or monetary relief for violations of the Act, including statutory damages of $500 per violation. *Id.* § 227(b)(3). Statutory damages may be trebled if the violator is found to have acted willfully or knowingly. Id.

## II.   THE FAIR DEBT COLLECTION PRACTICES ACT

4. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

5. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

6. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

7. Section 1692d of the FDCPA prohibits the use of "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" 15 U.S.C. § 1692d. The six subsections of § 1692d set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

8. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and ***the failure to disclose in subsequent communications that the communication is from a debt collector***, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

**III.     THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

9. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

10. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, the FCCPA states, inter alia, that:

> In collecting consumer debts, no person shall:
>
>> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

11. The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla.

2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." (emphasis added)); *See, e.g.,* Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious.

12. As set forth in more detail below, Defendant has violated the aforementioned provisions of the TCPA, FDCPA, and FCCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

14. Supplemental jurisdiction exists for the forgoing state law claims pursuant to 28 U.S.C. § 1367.

15. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

16. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

17. Plaintiff is the holder, with dominion and control over a cellular telephone assigned the number ending in "fifty."

18. Defendant is a Florida corporation, with its principal place of business located in Miami, Florida.

19. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose of financial services involves collecting debts it is owed.

20. At all times material, Defendant was acting as a debt collector in respect to the collection of a Plaintiff's debts.

21. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

22. Defendant and/or its agents wrongfully called Plaintiff's cellular telephone, and in the course thereof, left in excess of fifty (50) prerecorded voicemails, within the four years immediately preceding the filing of this Complaint.

23. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

24. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

25. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

26. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

27. On a date better known by Defendant, Defendant commenced an incessant calling campaign in an attempt to collect a debt from Plaintiff.

28. On information and belief, Plaintiff has not, at any time material hereto, provided her cellular telephone number to Defendant for the purpose which Defendant was calling, nor did Plaintiff consent to Defendant calling his cellular telephone.

29. On or about March of 2016, Plaintiff explicitly told Defendant to cease contacting her, and to the extent Defendant *did* have Plaintiff's prior express consent, Plaintiff also explicitly withdrew such consent.

30. Defendant utilized an ATDS and/or an artificial/prerecorded voice message when it and/or its agents called Plaintiff, in that:

   (a) Defendant's use of an ATDS to call Plaintiff is evidenced by, including but not limited to, the distinct pause regularly noticed by Plaintiff – whereby when Plaintiff would answer Defendant and/or its agent's telephone call, there was a noticeable pause before Defendant and/or its agent would begin speaking; and

   (b) Defendant's use of pre-recorded messages is exemplified by, including but not limited to, the egregious number of voicemails Defendant left for on Plaintiff's cellular telephone.

31. Defendant, by and through the utilization of an artificial/prerecorded voice, left in excess of fifty (50) voicemail on Plaintiff's cellular telephone, whereby the majority of such voicemails were, in their entirety, as follows: "*We will try our call again at another time*."

32. Defendant's repeated and intrusive calls came with such frequency, to the point where Plaintiff felt constantly harassed and instructed Defendant to cease placing automatically dialed calls to her cellular telephone.

33. Despite Plaintiff's instructions to the contrary, Defendant continued to place repeated, automatically dialed telephone calls to Plaintiff's cellular telephone.

34. As of the filing of this action, Defendant's willful and knowing practice of placing numerous and repeated automatically dialed or prerecorded telephone calls to Plaintiff's cellular telephone continues unabated.

## COUNT I
## VIOLATION OF THE TCPA

35. Plaintiff incorporates by reference paragraphs 22-34 of this Complaint as though fully stated herein.

36. The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service ... or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

37. Defendant and/or its agents placed a minimum of fifty unlawful telephone calls to Plaintiff cellular phone, whereby the minimum represents the number of calls Plaintiff received *after* Plaintiff explicitly revoked *any* consent Defendant *may* have had to place such calls.

38. As set forth in more detail above, Defendant's use of artificial/prerecorded voice is exemplified in the countless voicemails Defendant left for Plaintiff.

39. In light of the preceding, Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii), and as a result, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited telephone calls.

40. Plaintiff seeks an Order under §227(b)(3)(B) awarding a minimum of $500.00 in damages for each of Defendant's violations of the TCPA. *See* Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir.20110) (stating that the TCPA is essentially a strict liability statute that does not require any intent except when awarding treble damages).

41. Pursuant to §227(b)(3)(C) of the TCPA, the Court can award treble damages ($1,500.00) for each willful and knowingly violation of the TCPA. As set forth above, Defendant continued to call Plaintiff's cellular telephone after Plaintiff explicitly revoked any consent Defendant *may* have had. The Court should award treble damages ($1,500.00) for each violation of the TCPA committed by Defendant after such revocation because such violations were committed willfully or knowingly. Furthermore, the Court should enjoin Defendant's unlawful telephone calling activities pursuant to §227(b)(3)(A) of the TCPA.

## COUNT II.
## VIOLATION OF THE FDCPA

42. Plaintiff incorporates by reference paragraphs 22-34 of this Complaint as though fully stated herein.

43. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); *See also* Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

44. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection

Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

45. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

46. In light of the preceding, Defendant has violated the FDCPA, to wit,

(a) Section 1692d(5) by causing Plaintiff's cellular telephone to ring and/or engage Plaintiff in telephone conversation repeatedly with the intention of annoying and/or harassing Plaintiff, as Plaintiff explicitly revoked any consent Defendant may have had to place such calls.

(b) Section 1692e(11) of the FDCPA by failing inform Plaintiff in each of the voicemails and/or telephone calls Defendant placed to Plaintiff's cellular telephone that such was a communication from a debt collector, whereby Defendant's ongoing failure to do so is best exemplified by any of the fifty (50) voicemails Defendant left for Plaintiff.

47. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and

personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## COUNT III.
## VIOLATION OF THE FCCPA

48. Plaintiff incorporates by reference paragraphs 22-34 of this Complaint as though fully stated herein.

49. In light of the preceding, Defendant violated the FCCPA, to wit:

   (a) Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff such frequency that could reasonably be expected to harass Plaintiff and/or willfully engage in other conduct which can reasonably be expected to abuse or harass Plaintiff. Specifically, Defendant continued to call and/or left voice messages for Plaintiff after Plaintiff had explicitly asked Defendant to stop calling and/or Plaintiff had revoked any consent Defendant may have had to make such calls.

50. As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## DEMAND FOR JURY TRIAL

51. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages of $500.00 for each TCPA violation determined to be negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);

(b) Treble damages of $1,500.00 for each TCPA violation determined to be willful and/or knowing, pursuant to 47 U.S.C. § 227(b)(3)(C);

(c) Actual damages for the TCPA violations committed by the Defendant.

(d) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(e) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(f) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA and/or an injunction requiring Defendant to cease all unsolicited telephone calling activities;

(g) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(h) Any other relief that this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

52. Plaintiff respectfully demands a trial by jury on all issues so triable.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: September 10, 2016

        Respectfully Submitted,

     /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:	jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:	954-907-1136
Fax:	855-529-9540

        AND

     /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:	tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:	954-543-1325
Fax:	954-507-9975

*COUNSEL FOR PLAINTIFF*